322

Original,  } No. 3988.
Oct. 11, 1950. }

WESLEY POWELL *v.* ENOCH D. FULLER, *Secretary of State & a.*

*Eliot U. Wyman, Kenneth E. Shaw* and *Howard B. Lane (Mr. Wyman* orally), for the plaintiff.

*Kenneth F. Graf* and *Tobey & Zellers (Mr. Graf* orally), for the defendant Tobey.

*George R. Grant, Jr.,* Assistant Attorney General, orally, for the defendant Fuller.

PER CURIAM. It is ruled that the Ballot-Law Commission had jurisdiction to decide whether the nomination papers of the plaintiff were seasonably filed.

R. L., *c.* 34-A, *s.* 3 II, III provide in part as follows: "II. . . . The decision of the ballot-law commission shall be final as to questions both of law and fact, and no court shall have jurisdiction to review

such decision. III. The jurisdiction vested in the ballot-law commission under . . . II of this section shall be exclusive of all other remedies." In the absence of fraud, lack of jurisdiction or such arbitrary and capricious action as to constitute denial of due process of law, the legislative command that the decision of the commission shall be final, exclusive and not reviewable by any court is binding on this court. Fraud is not suggested. The decision of the Ballot-Law Commission that the papers were not seasonably filed, if erroneous, was not so unreasonable as to be clearly arbitrary or capricious, in view of the recognized construction of the statutory requirements for warning town meetings. See R. L., c. 57, s. 4; *Drowne* v. *Lovering*, 93 N. H. 195; *Osgood* v. *Blake*, 21 N. H. 550, 564.

*Petition dismissed.*